# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LONG NGOC TU,<br><br>          Petitioner,<br>     v.<br><br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK, et al.,<br><br>          Respondents. | Case No. 2:20-cv-00293-KJD-DJA<br><br>**ORDER** |

This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses without prejudice Petitioner Long Ngoc Tu's Petition for Writ of Habeas Corpus (ECF No. 1-1) based on multiple substantial defects.

**BACKGROUND**

Tu is a *pro se* pre-trial detainee housed at the Clark County Detention Center. He is charged in a superseding indictment pending before the Eighth Judicial District Court for Clark County, Nevada ("state court"). *State of Nevada v. Tu*, Case No. C-18-335630-1.[2] The 24-count indictment alleges one count of conspiracy to commit theft, nine counts of theft, eight counts of burglary, and six counts of obtaining money under false pretenses.

Tu initiated this action by filing a hand-written Petition for Writ of Habeas Corpus (ECF No. 1-1) on February 10, 2020. He names the state court as the respondent and the State of Nevada as the real party in interest. Although discrete claims are not discernable, the petition alleges the state court has twice revoked his bail in error. Tu claims he is the victim of illegitimate and

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

unsubstantiated accusations, and the allegations in his criminal case amount to a civil matter—not a criminal offense. Tu asks this Court to determine that the state court "made the wrong call on procedural rulings" and that his case should be dismissed because the statute of limitations has expired. (*Id.* at 8–9.)

## DISCUSSION

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Tu's petition is subject to multiple substantial defects. First, he has not properly commenced this habeas action by either paying the standard filing fee or filing a complete application for leave to proceed *in forma pauperis* ("IFP"). He submitted a Petition for Writ of Habeas Corpus (ECF No. 1-1) but did not pay the $5 filing fee or submit an IFP application for incarcerated litigants with the appropriate supporting documentation. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.[3]

Second, Tu has named the state court as the respondent and State of Nevada as the real party in interest. That is incorrect. Habeas Rule 2(a) states that, when a petitioner is in custody, "the petition must name as respondent the state officer who has custody."[4] Failure to name the proper respondent strips the district court of personal jurisdiction. *Smith v. Idaho*, 392 F.3d 350,

---

[3] To proceed in a civil action without paying the standard filing fee, LSR 1-1 of the Local Rules of Practice and 28 U.S.C. § 1915 provide that a prisoner must submit the Court's form IFP application for incarcerated litigants. Additionally, LSR 1-2 and § 1915 specifically require three items be submitted to this court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated, (2) a copy of his or her inmate trust account statement for the six-month period prior to filing, and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.

[4] This is typically the warden of the prison or detention facility. However, the Court expresses no opinion as to the proper respondent in this context. *Cf.* Habeas Rule 2(b), Advisory Committee Note to 1976 Adoption.

354 (9th Cir. 2004); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).

Third, Tu has not filed his petition on the appropriate form or in substantial compliance with the form. Tu did not submit the Court's form petition but, instead, hand-wrote a petition on lined paper. The form is important as it provides the Court with necessary information to conduct a preliminary review. His hand-written petition fails to disclose required information.[5]

Fourth, Tu has not alleged or demonstrated that he fully exhausted his state court remedies. A criminal defendant seeking federal habeas corpus relief to restrain ongoing state criminal proceedings must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Tu has not alleged or shown that: (1) any claim in his petition was presented to each level of Nevada courts through to the Supreme Court of Nevada; (2) any proceedings before the Nevada appellate courts concluded with the issuance of a remittitur; and (3) the Nevada appellate courts addressed the merits of any claims.

Fifth, federal district courts do not have appellate jurisdiction over any state court or state supreme court, whether by direct appeal, writ of mandamus, or otherwise. *See*, *e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). Generally, the *Rooker-Feldman* doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009). Here, Tu is attempting to challenge the propriety of the charges alleged in the indictment before the state court. Although the jurisdictional limitation recognized by *Rooker-Feldman* doctrine does not function as a rule of claim or issue preclusion, it does preclude Tu from obtaining the relief he seeks from this Court: an order from a federal district court directing a state court how to proceed in its case.

---

[5] Tu at all times remains responsible for calculating the applicable statute of limitations. The Court makes no finding or representation in this order that his hand-written petition, or any subsequently filed petition, will be considered timely.

1   Lastly, Tu improperly seeks federal judicial intervention in a pending state criminal
2   proceeding. The *Younger* abstention doctrine prevents federal courts from enjoining pending state
3   court criminal proceedings, even if there is an allegation of a constitutional violation, unless there
4   is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401
5   U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court
6   abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint
7   Commc'ns*, *Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381
8   F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would
9   interfere with pending state judicial proceedings). Irreparable injury does not exist if the threat to
10  a petitioner's federally protected rights may be eliminated through his or her defense of the
11  criminal case. *Younger*, 401 U.S. at 46.

12  No extraordinary circumstances are presented in Tu's petition. To the extent that Tu faces
13  the potential loss of constitutional rights—including the most fundamental right, to liberty—
14  limitations on his liberty from a conviction, his situation is not different in substance from any
15  state criminal defendant facing a pending criminal prosecution. A criminal defendant alleging that
16  the state courts have rejected his constitutional objections to pretrial rulings, including rulings as
17  to fundamental rights, is a regular occurrence, not an extraordinary circumstance.

18  Due to the multiple substantial defects presented, this habeas matter will be dismissed
19  without prejudice. The Court finds that further proceedings herein prior to entry of judgment
20  would be futile.

21  **IT IS THEREFORE ORDERED:**

22  1.  Petitioner Long Ngoc Tu's Petition for Writ of Habeas Corpus (ECF No. 1-1) is
23      DISMISSED WITHOUT PREJUDICE due to the multiple substantial defects
24      presented therein.
25  2.  A certificate of appealability is DENIED, as jurists of reason would not find the
26      dismissal of the petition to be debatable or wrong.
27  3.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will
28      add Nevada Attorney General Aaron D. Ford as counsel for Respondents and

informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

4. The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED: May 1, 2020.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE